IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

2009 MAY 12 PM 3:24

CLERK
SO. DIST. OF GA.

GENE HAMBRICK,

    Plaintiff,

v.

CALVIN MORTON, Warden;
DEWAYNE EVERETTE, and
JASON JONES,

    Defendants.

CIVIL ACTION NO.: CV507-105

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gene Hambrick ("Plaintiff"), who is currently incarcerated at Wheeler Correctional Institution in Alamo, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement at D. Ray James Prison in Folkston, Georgia. Defendant Calvin Morton[1] filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Defendant Morton's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that on December 26, 2006, he and Defendant Everette, a correctional officer at D. Ray James Prison, had a verbal altercation that resulted in Everette beating him with a metal pipe and kicking and hitting him until Everette was restrained by other officers. Plaintiff contends that use of excessive force incidents were

---

[1] Defendant Bruce Young joined Defendant Morton's Motion. Plaintiff's claims against Defendant Young were dismissed by Order dated November 20, 2008. (Doc. No. 64).

widespread at D. Ray James Prison, and that Defendant Morton, though repeatedly alerted to the problem, took no corrective action. Plaintiff further alleges that Defendant Morton knew of and disregarded a pattern of excessive force by his subordinates. Additionally, Plaintiff contends that Defendant Morton failed to properly train and supervise employees, consequently putting inmates' safety at risk.

Defendant Morton has moved for the dismissal of Plaintiff's claims against him, asserting that Plaintiff has failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant Morton asserts Plaintiff filed a grievance concerning this incident on January 25, 2007, and that grievance was still pending at the time this Motion was filed on October 28, 2008. Defendant Morton asserts Plaintiff is aware of the requirement that he exhaust his administrative remedies prior to filing a cause of action. Defendant Morton also asserts that Plaintiff has not exhausted his administrative remedies and that Plaintiff's claims against him should be dismissed.

Plaintiff contends he was not given a copy of his filed grievance form. Plaintiff alleges he has not received a response to the grievance he filed, nor has he been given an appeal form, despite his requests for an appeal form.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Plaintiff filed a grievance concerning the events about which he complains in this cause of action in January 2007, and Plaintiff has not received a response to this grievance. Plaintiff asserts he has asked for an appeal form, and his requests have not

been fulfilled. It appears that Plaintiff contends that he is unable to utilize administrative remedies because prison officials refused to respond to his formal grievance or issue him an appeal form, and that, therefore, remedies were not "available" within the meaning of 42 U.S.C. § 1997(e)(a).

While "available administrative remedies" does not mean that the remedies must be adequate, it does mean that the exhaustion process actually must be available to the inmate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Indeed, in determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were *available* and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (emphasis added). There is little case law addressing what constitutes "available" administrative remedies. In Hall v. Richardson, 144 F. App'x 835 (11th Cir. 2005), the Eleventh Circuit chose not to address the issue of whether the denial of grievance forms by jail officials would render administrative remedies "unavailable." Id. at 836. Instead, that court merely noted that "[t]he Supreme Court has explained that 'available' refers to 'the possibility of some relief for the action complained of.'" Id. (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). Several courts have found rare circumstances in which the otherwise mandatory exhaustion requirement may be excused or in which administrative remedies are not truly "available" within the meaning of the Prison Litigation Reform Act ("PLRA"). See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate's claims were improperly dismissed where district court failed to consider allegations that inmate was denied grievance forms); Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (finding that exhaustion defense is estopped if prison

officials hinder inmate in exhausting administrative remedies); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (finding remedies are "unavailable" where prison officials refuse to give inmate grievance forms despite inmate's requests).

Construing his Complaint in a light most favorable to Plaintiff, dismissal is not appropriate. If, as Plaintiff asserts, prison officials have not responded to his grievance and have refused to allow Plaintiff to file an appeal, then the Court cannot dismiss Plaintiff's claims against Defendant Morton based on Defendant Morton's contention that Plaintiff failed to exhaust. Plaintiff argues that his failure to exhaust was a direct result of actions of prison officials. If the evidence shows that Plaintiff's requests for an appeal form were indeed refused, Plaintiff would have indeed exhausted all of his "available" administrative remedies, as he would no longer have had "the possibility of some relief for the action complained of." See Booth, 532 U.S. at 738. If prison officials refuse to facilitate the grievance procedure, then the grievance procedure cannot truly be "available" to the inmate within the meaning of the PLRA's exhaustion requirement. Accordingly, Plaintiff's claims against Defendant Morton should not be dismissed, at this time, based on Plaintiff's alleged failure to exhaust his administrative remedies.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Morton's Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE